IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40730
Summary Calendar
_____

FREDDY HURLEY,

Plaintiff-Appellant,

versus

SALVADOR BUENTELLO; WAYNE SCOTT; GARY JOHNSON; ROY GARCIA;
ERIC BURSE,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-384
--------------------
March 20, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Freddy Hurley, Texas prisoner # 453088, appealed the district court's grant of summary judgment for the defendants in his 42 U.S.C. § 1983 action alleging a failure to protect him from attack by another inmate on May 11, 2000.

Hurley argues that he was given no notice or opportunity to respond to the defendants' motion for summary judgment. He contends that counsel was appointed for jury selection and trial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

only, and that he personally should have been served with the motion for summary judgment and have been allowed to respond himself. Hurley's appointed counsel was served with the defendants' motion for summary judgment per the district court's order of July 17, 2001, and counsel filed a response on behalf of Hurley. Hurley was not deprived of notice or an opportunity to respond to the defendants' motion for summary judgment.

Hurley argues that the district court erred by granting summary judgment because the record showed a genuine issue of material fact. He takes issue with the district court's statement that he had not demonstrated that he informed the defendants of the threat of an attack by another inmate at Coffield Unit. He contends that he informed them by numerous letters immediately preceding the attack. He also criticizes the district court's conclusion that he had failed to show that the defendants had disregarded the risk to his health or safety due to their efforts to keep him from coming in contact with other inmates.

Hurley misinterprets the district court's finding concerning the threat of attack. The district court was speaking in terms of a lack of knowledge by the defendants that this particular attack on May 11 was threatened or imminent. Hurley is correct that he had made the defendants aware generally of a hit on his life. The defendants managed to protect him from this generalized threat from 1995 to May 11, 2000. In response to

Hurley's complaint of life endangerment made on May 1, the defendants began an investigation on May 2, held a life endangerment hearing, and determined on May 9 or 10 that he should be moved back to J wing, even though, according to their interview with him, he did not identify any specific verbal threats made against him. Before he could actually be physically moved, the attack occurred on May 11. Hurley is correct that he had made the defendants aware of a general threat posed to his life from being housed on H wing, which he alleged housed many gang members, but there is nothing in the record to show that he informed the defendants of a specific and imminent threat.

Despite the lack of a specific threat, the defendants investigated, held a life endangerment hearing, and determined that Hurley should be moved back to J wing as he requested. Unfortunately, while being escorted by a guard to the shower on May 11, another inmate managed to shoot Hurley with a blow dart through the food tray slot, before the defendants could arrange for his move.

There is no genuine issue of material fact to be resolved by a trial. Hurley is challenging the district court's legal conclusion that the facts did not establish deliberate indifference. The facts in this record do not establish deliberate indifference on the part of the defendants. Farmer v. Brennan, 511 U.S. 825, 833 (1994)(Not every injury "by one prisoner at the hands of another . . . translates into

constitutional liability for prison officials responsible for the victim's safety.")  The defendants responded to Hurley's complaints, investigated, and gave him the relief requested. They cannot be said to have been deliberately indifferent because they delayed his move by one or two days.  The district court did not err in granting summary judgment for the defendants.

Hurley argues that Johnson, Scott, and Buentello were collaterally estopped by Ruiz v. Johnson, 37 F.Supp.2d 855 (S.D. Tex. 1999) from relitigating that they were not responsible for established unconstitutional prison procedures which led to his injuries.  He does not identify what these policies and procedures are or how they led to his injury.  The only specific policy mentioned by Hurley in the district court was the policy of having a single female guard escort him.  The use of a single guard to escort a prisoner, in itself, does not amount to a constitutional violation.  The implementation of a policy of using male or multiple guards would not have protected Hurley from the risk of what occurred here, being shot by a dart through a food slot.  The district court did not err in granting summary judgment in favor of the supervisory defendants.

Hurley was advised in Hurley v. Polunsky, No. 00-40404 (5th Cir. Sept. 28, 2000) that the district court's dismissal as frivolous and this court's dismissal of his appeal as frivolous in that case constituted two strikes under 28 U.S.C. § 1915(g). This appeal is also dismissed as frivolous based on the

duplication of many of the claims raised and dismissed in Polunsky, and the lack of factual support for his claim of deliberate indifference. 5TH CIR. R. 42.2. Hurley is advised that the dismissal of this appeal as frivolous counts as his third strike under 28 U.S.C. § 1915(g) and that he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(G) BAR IMPOSED.